Arguments not to exceed 15 minutes per side, Mr. Fedenski for the appellant. Good morning, your honors. Assistant Attorney General John Fedenski on behalf of the appellant, Michigan Secretary of State. I'd like to reserve five minutes for rebuttal time and I'd like to note the presence of Chief Counsel William Corden Brock here in the courtroom. He is the client representative also present today. The primary issue on appeal is standing and whether you can have a procedural due process claim in a factual circumstance like this where available state court procedures were never employed and never taken by the plaintiffs who are complaining about the absence of those things. The record before the court is rather extensive. This is our third trip to the Court of Appeals, our first oral argument, but the case was stayed once for 30 days and remanded for more proceedings. It was stayed pending appeal on the second appeal and remanded for factual findings on standing and now here we are the third time around. Despite the remand and the instructions from the Sixth Circuit to make those findings and determine jurisdiction, the District Court Judge Linda Parker erred by simply assuming standing and saying that this is a speaking motion brought by the Secretary of State and therefore we're going to the court under Sixth Circuit precedent, which we claim is inapplicable, is going to assume standing. Are you challenging standing as to both Fowler and Harris? Yes, and the court actually in terms of Fowler relegated her to a footnote and said the court has already independently raised questions about her standing because she was already suspended since 2012 in the state of Georgia, not eligible for a driver's license in Michigan and therefore not subject to the remedial purposes of this injunction. Can I ask you a question? In their briefs they allege that there's an intermediate harm. I'm describing it this way, they do probably a much better job than me, but the intermediate harm is the loss of money or the ability not. So we all agree money is property, right? That's well established. And so the loss of money is the harm and that they didn't get notice, proper notice, of a procedure by which they could reduce the fine amount. Why don't they have standing to claim that? We all agree they got fines. So it seems to me they're going to lose that money. And the question then becomes, did they get notice and an opportunity to be heard? And maybe your argument on an opportunity to be heard is better because you offer a hearing, but in their brief they point out the lack of notice. So why don't they have standing to make that claim? Sure, well they don't have standing because in the case of Harris, she was given an extension on paying those fines. She was given a payment plan. But there's a dispute as to whether she was given notice of the opportunity to reduce the fine, right? You concede that Michigan has a process, at least in your brief you do, by which you can reduce your fine. Sure. And I went and tried and verified what they say. Page 13 of their brief, I'll just read it to you. It says you can admit responsibility for the violation and pay the amount and admit responsibility for the violation with an explanation and pay the amount. What it doesn't say, and this is Michigan's notice and I think it's on your website, but what it doesn't say is you can admit responsibility for the violation and seek to pay a reduced amount if you are financially unable. So how are they supposed to know that they can do that? Well, I think the notice you're referring to is after there's been a finding of failure to appear on a show cause. And so that's relevant because the way the statute is written in Michigan. Am I wrong? I thought it was failure to comply versus a failure to appear. I thought the failure to appear results in the ultimate loss of the license. Maybe I'm just mixing up the facts. And the failure to comply is what happened as the intermediate step. And you can explain it. Sure. Well, in Michigan, and I think in both the cases of Fowler and Harris, they were given show cause notices for failure to appear. And the way the statute operates is Section 1 actually makes it a misdemeanor offense to ignore the court order. And so both these plaintiffs are in the failure to appear category. That's our position. And that presents a different sort of analysis because. And I'm sorry, just to understand this. I thought you can't get to the failure to appear until you fail to comply because it seems to me if I get a traffic violation, I can simply pay it and don't ever have to appear. That's correct. So you have to fail to comply to get to the failure to appear. That's correct. And I think if you take their declarations as true, and I think if you take what Judge Parker said on the record, well, what is the point of me appearing if there isn't some sort of specific advice on the ticket or in some other written communication about, well, you can claim inability to pay or you can get on a payment plan. The case law doesn't require that kind of a specific notice. The issue is the availability of process in state court. The Supreme Court in the Memphis Light case did say that you must notify the consumer of the ability both to contest the charge and the ability to reduce the charge. So the notice has to be detailed enough that the consumer, or in this case the violator, knows that they have this opportunity. And if I don't know that I have the opportunity, then how am I getting sufficient notice, at least under Supreme Court precedent? On a clean slate, I may agree with you, but this isn't. Well, I think generally speaking, these notices indicate there could be consequences to your driving privileges. It might not be the right analogy. That's different, though, than a notice of the ability to seek a reduced payment. The ability to say, if I'm getting a $100 fine, there's a process where I could go in and present my case of indigency and possibly get the fine reduced to $30 or $20. That's a different process. You're talking about the consequences. And Judge Tappara's question talked about the ability to pursue a particular benefit, a reduced payment. That's the notice we're talking about. Right, and in Ferndale District Court, what the court records indicate is that counsel is provided for these sorts of things. Coupon book payment plans are provided. We have a sworn affidavit from the court administrator. We have the best process in the world. I'm not even talking about that. I'm just talking about the notice, right? Because due process involves notice and an opportunity to be heard, according to the court. And you're talking about opportunity to be heard, and we're talking about notice. I think that's where maybe my questions aren't great, which is all I want to talk about is the notice right now. And what I'm saying is they say, and you can correct them if they're wrong, but I tried to verify it, and it looked to me to be right, that at page 13 of their brief, that these are the ways the consumer or the violator is told. Well, they're referring to a website there, I think. Right, because the ticket says nothing, right? The ticket says go to the website. Well, the ticket says take this seriously, come to court. And I think the presumption ought to be you need to respond to a citation. It's not going to have every single bill of particular in terms of what you can do at a hearing. And furthermore, that raises a redressability issue. The party here is the Secretary of State. They administer driver's licenses. They don't create the citations that local authorities use. They don't create or adopt the court forms that the local court jurisdictions use in Michigan. And they don't control whether someone is suspended or not. It entirely depends on state court orders. But they do react to the process in the state court to deprive the individual of that privilege to drive if, in fact, they get something from the court saying this person either didn't satisfy their obligations. Right, it's a ministerial the secretary shall. There's no discretion here. There's no determination by the secretary of state. And these questions really are judicial questions. That's why we have to be concerned about the notice and the process at the court level. Well, I think it's interesting that in the course of this litigation it's been made plain to the plaintiffs. If you show up, if you make contact with the court, if you even put $1 toward your fines or your fees, that order of suspension will be lifted by that court. And none of that has happened since this case has been pending. None of that happened along the way. Fowler is already suspended in Georgia and has problems. Harris has gotten more violations in other jurisdictions. And so it seems to me that having a specific advice of rights is really not the touchstone of whether a statewide injunction like this really should have been issued. The issue is have they, as an element of their procedural due process claim, shown the absence of or the inadequacy constitutionally of the state court procedures? And they haven't, not on this record. I have a question. Would you object to the requirement that you add one line to this which says you can admit responsibility and come to court and seek a reduced amount if you're financially unable to pay? You mean adding a line of this website that they're quoting? Yeah. I mean, if this court wants to order that, it seems to me that, again, the Secretary of State doesn't control that particular website, though. Who does? The State Court Administrative Office, I believe. So you're saying they sued the wrong party, not that standing is a problem. Did you raise that below? Yes, we did raise that below, absolutely. I see my time has expired. I'll see you at rebuttal. Thank you. Good morning, Your Honors, and may it please the Court. My name is Phil Telfian, and along with my co-counsel, Rebecca Womaswamy, I represent the plaintiffs, Adrian Fowler and Katie Harris. The preliminary injunction below should be affirmed for three reasons. First, both plaintiffs have standing, and contrary to the Secretary's unsighted assertions in her brief, no notice was ever given of a meaningful opportunity to be heard. Second, no abstention doctrine applies. And third, on the merits, Michigan's process fundamentally lacks the required elements  I want to turn right to Judge Thapar's questions about notice. We think that's essential in this case. Eight times in the State's brief, the Secretary claims that the plaintiffs were notified that they could appear in court to avoid license suspension. Seven of those assertions are completely unsighted, and the eighth cites to a declaration which provides no evidence of any notice. Are you claiming your injury is the loss of the license or your injury is the loss of money? More the loss of money, Judge Thapar. We agree with the district court below and the Middle District Tennessee, which recently encountered a very similar issue, which held the economic injury by itself creates the injury. Here in this case, there are FCJs, failure to pay suspensions that require reinstatement fees. But I do want to correct Judge Thapar. I think a misunderstanding that happened during Appellant's argument. If you look at Record 33-5, that's a record of a court disposition for Ms. Harris. 33-5 makes very clear that there actually was no failure to appear. Ms. Harris got a citation for impeding traffic, which is the lowest level possible offense in Michigan. There are not even points on your record. License suspension is not a possible penalty for impeding traffic. It's a very low violation. She never got a court date, and Record 33-5, which is a court document, confirms this. She never missed a court date. Aren't those all factual questions? Why didn't the district court hold a hearing so you could put these facts into evidence? The district court did hold a hearing. I looked at the hearings. It was just arguments. When I mean a hearing, I mean taking evidence. Why not take that evidence so you can build a record for a preliminary injunction? Absolutely. I can't second-guess the district court's decision on whether it would just be argument or evidence, but she did receive the evidence as submitted by the parties and heard argument on the evidence. But she didn't make factual findings, right? I respectfully disagree, Your Honor, on the original injunction order, not the amended injunction, but the original injunction, which is Record 21, particularly pages 262 through 265. She made numerous factual findings that the citation doesn't provide notice, that there's never information about opportunity to reduce fees, and so on and so forth. Oh, no, no, no. I agree with that. I'm sorry. I'm talking about what you were just asserting about this 33-5 and the failure to appear citation. She never made any factual findings. You're now asserting facts about what happened, and I'm saying she never made those findings. I respectfully, Your Honor, I think she made two. Yes, on 33-5, she did not say that she was giving veracity or not, but she did make two findings that directly address it. On page 264 of Record 21, she credits Adrian Fowler's testimony about appearing in the courthouse. But more to the point, on pages 262 through 265, she notes the difference between failure to appear and failure to pay. And all I'm saying about 33-5, it's attached to the state's brief, and it illustrates that someone can have a license suspended without ever missing a court date, without ever having a court date, without ever having a failure to appear. In fact, if the court looks closely at the driving records of both plaintiffs, you'll see a number of failures to comply, failures to pay, and you'll see a number of failures to appear. All of the failures to appear attach to the misdemeanor offenses, like driving without a license. All of the failures to pay attach to the infractions, like impeding traffic or disobeying a stop sign. So you can get a suspended license in Michigan simply for failing to pay. If you don't have any misdemeanor, no obligation to appear, the failure to pay comes into play. Can I ask you a question? Have you read our Shoemaker case, which is a 2015 case? And this is the guy who failed to cut his lawn, and the city's issuing violations. I believe so. Okay, what we said there, and it's published, is if a plaintiff can find information through due diligence, a simple, I'm quoting, a simple investigation of the referred to ordinances or call to city hall would have answered Shoemaker's questions, but he made no such effort, and therefore there's no due process violation. Now I'm going to analogize. What the state's saying here, the secretary is, hey, had you done your due diligence, had you come to court, you would have known that you could have sought a reduced fine, so to speak, for indigency. You didn't, so there's no due process violation. Why isn't that case binding on us? Well, I think the case is binding, but I have two responses that distinguish this case from the Shoemaker case. The first is the factual dispute, and that's where we think the district court appropriately assumes standing. Remember that our plaintiffs and their affidavits. I'm sorry. I apologize. Just to be clear, I'm not talking about standing. I don't disagree with you on standing. I'm talking about the merits. Regarding the merits, I think the first point would be the district court has enjoined enforcement of a statute that facially actually prohibits exactly what the state is alleging happens below. The statute requires a mandatory suspension, no exceptions, no delays, no extensions, no process, no hearing. Under the words of the statute, after 28 plus 14, so 42 days, suspension is mandatory. Now, the state is effectively saying. They're saying that's for failure to appear, not failure to pay. The state is. I know you guys are like. Yeah, the state is arguing this for failure to appear, but the words of the statute are very clear. There's effectively two paths. You can either fail to appear or fail to pay, 42 days pass, and then if you don't appear or don't pay, in other words, the original violation, your statute will be suspended. And my point is under Shoemaker, if you don't appear and take advantage of the process available to you, then you can't assert a violation. Or the failure to appear path. But for the failure to pay path, if someone doesn't pay, if someone doesn't pay under the statute, the statute does not give any right to a hearing. The statute does not say there's an opportunity to be heard on any issue. And for an infraction, there's no obligation to appear in court. Now, the state is saying that despite what the statute says. I thought they always set a hearing. No, Your Honor. If you look at where there's an example citation. I thought you get your citation and it says appear on such and such date or pay, basically. If you look at Record 33-4, which is an example of a citation in Michigan, and it's consistent with what the district court found on pages 262 and 265 of its opinion. Record 33-4 makes very clear your options are admit and pay in full or deny. The deny option does not have a date. I think Your Honor is thinking often there's a date that says deny and show up on this date. There's actually no date on the deny option. And on Record 33-4, you'll see Ms. Harris actually admitted, but she couldn't afford to pay. She wasn't denying the underlying infraction. So it is a bit complicated, but effectively there was no court date for Ms. Harris as an example and other drivers who just have an infraction, not the misdemeanor offenses. If Michigan had you on their ticket and said go to this website to find out your rights and it listed the rights, would that be sufficient? It could be sufficient notice, but I want to turn back to the statutory point. What the judge is enjoining here is a statute that does not give any process, does not give any opportunity for hearing that actually requires the secretary to suspend licenses automatically after that second 14-day window passes. That's a temporary suspension, right? The Supreme Court in Dixon said you can do that. I would separate from a temporary suspension. It's really an indefinite suspension, which I think is different than the Dixon case. Dixon was a truly temporary suspension. Under Michigan law, that suspension for failure to pay only, not the failure to appear suspensions, is indefinite. And under A-5 of the statute. Can I come pay and then get out of it? Yes, in that sense it's not permanent. But I would distinguish between temporary and indefinite because it has no end date. Under A-5 of the statute, the only way to cure a failure to pay suspension is by paying currently, the full amount. The way to cure a failure to appear suspension under A-5 would be to appear. But for the failure to pay suspensions that both of our clients have, they can't cure at this point merely by appearing. They're not failure to appear suspensions, so they would have to pay that amount. The difference between the Shoemaker case and this case is that when a plaintiff looks at all the public sources, the citation they got, which says admit and pay or deny. The website, which Your Honor referred to on page 13 of our brief, it's also record 52-3. The website is in the record here. That says the same thing, basically admit and pay or deny. There is never any information, and the statute itself. If our clients were to have read the statute, they would say, wow, if I can't pay the full amount, my license will be automatically suspended after those 28 and 14 days pass. It doesn't say anything about a hearing. There is no information anywhere that someone can go to a hearing and raise their inability to pay as required both in the Memphis Light Decision and under Michigan State Law, and as the Secretary agrees in her brief, that the ability to pay is an essential part of due process. We're dealing with a statute, all the public information that gives no information for our clients to turn to. Admitting that it's a factual dispute, that's unresolved. Our clients do claim, we called the courthouse. Ms. Harris says, Ms. Fowler says, I went to the courthouse. We have a witness affidavit that says I got a traffic ticket and I showed up to my hearing. That affidavit is record 43-6. We have plenty of evidence that the state's factual arguments are wrong. That, in fact, there is no opportunity. Even if you did show up and call the courthouse, you wouldn't be given extensions. You wouldn't be given compensation. But more to the point, the statute on its face doesn't allow those opportunities. Yeah, that to me seems a better argument than the factual one because there were no – it's hard for me with no factual hearing to go in and for us to divine facts. I agree, Your Honor, and that is why the district court fashioned its injunction in the way it did. It said you can't enforce this statute, which on its face does not allow for any opportunity unless those opportunities are happening. And in some ways it seems like the state actually agrees with us and with the injunction that the state, as long as it's willing to provide that notice, either through the Secretary of State's office or confirms that courts are doing it, and as long as those actual court hearings are happening, the state would be in full compliance with the injunction. There's a factual question over whether it already is in compliance, but the district court held that it wasn't. But if indeed just the facts are as you think may be happening, then the injunction should be no problem to the state. It could say, hey, look, we're already holding these hearings. I think Judge Parker doubts that, and obviously we as plaintiffs doubt whether they're actually happening. But if they are, that would bring them more into compliance. But if they gave notice that you could seek it, that would be sufficient, right? I think notice plus the opportunity to be heard, which is disputed. But yes, if they had those actual hearings, which we dispute, and if there was actual notice, that would be sufficient. And that's effectively all the injunctions requiring. Why isn't there a problem here that the district court didn't do a factual hearing? I'm still struggling with that. Explain to me why that isn't a problem. I think the district court appropriately received the evidence. She didn't address all the affidavits and competing claims about what hearings are happening. She appropriately viewed this as a facial challenge. She read the statute. She looked at the citation. She looked at the website, and she made factual holdings, and she looked at the notices of suspension. She did look at all of those on pages 262 through 265 of her opinion, and she made the factual holdings that were necessary to support the injunction she gave, which is the statute doesn't require notice. The statute doesn't give any opportunity for hearings. The only evidence the Secretary has provided, which is a few citations, a few notices, the website, or that I've seen on my own, don't seem to provide this notice. I don't see any evidence of these hearings. Madam Secretary, we're going to join the statute unless and until you tell me you're actually giving notice and there actually are hearings. So had the district court chose to conduct a factual hearing, what type of proof would likely have been elicited there? What would that hearing look like? Well, I appreciate that question, Judge Donald, because I'm not actually sure what the hearing would have looked like, which may be why she only held her argument. The key documents in this case were all submitted, citations, the website. That was the second stage. Their actual citations were never submitted. Well, they were submitted at the second stage. So before the first order, Your Honor, is correct, but when this court remanded for further factual finding, the district court did see all of those documents. And it was mostly documentary evidence. Now, there are some witnesses, but I think the district court appropriately held that those weren't necessary at this stage because the documentary evidence before the court, the citations, the website, the notices themselves, make no indication of any hearing where someone can raise their opportunity to be heard. So given the lack of... What about their claim that they're the wrong party? I think that depends on the injunction that's being issued, and the injunction that's being issued appropriately applies to the secretary. We could have sued the courts, and that may be a separate proceeding as to what courts do. What we're saying... The secretary doesn't provide the hearings. The courts do. Right, and the secretary's not being ordered to provide the hearings. The secretary under the statute is the one who suspends the licenses. So she's the ex parte young state official that enforces the statute. She actually issues the suspensions under the statute. What the district court said, which is what we pressed, was, Secretary of State, you can hold your own hearings, and the Secretary of State is effectively the DMV in Michigan, so there are administrative hearings. Does the Secretary of State give notice, or does the locality give notice? Who gives the notice because you're also asking for notice? Neither. As a factual matter, neither gives notice. What the injunction would say is either the Secretary of State, which, just to clarify, in Michigan is basically the DMV, either the DMV, Secretary of State, could give notice, or the courts. Now, the district court has no authority to tell the courts to give notice because they're not a party, but the district court is effectively saying, we're saying, Secretary of State, you either do it yourself or the courts do it. I don't care. I can't order the courts to do it. If they're doing it, that's fine. If they're holding hearings about ability to pay, you don't have to do it yourself. They just have to happen. And so the district court is saying, don't suspend. Don't press that red button. Don't do those, they say it's all automated, but don't press enter on the keyboard until either you have held the hearings with notice or someone else has and you've confirmed that they've happened. I see my time is up. For all of the reasons, all of these reasons, we respectfully request that the ruling below be affirmed. Thank you, Your Honors. Thank you. I'd like to pick up on what Judge Thapar and Judge Donald were asking about. There were zero factual findings by Judge Parker at the beginning. The declarations were simply assumed to be true. The legal arguments that were presented in opposition to the injunction, most of which were accepted by Judge Parker. The only sliver of a claim that she allowed to advance was procedural due process based on those first declarations and the court's Internet search for what one citation form looks like from one jurisdiction. Upon remand, once we provided copious court records and declarations from court officials and actual facts about what happened with both Fowler and Harris, Judge Parker resolutely refused to revisit her first injunction. She said, well, that's not the purpose of the remand. I'm not going to do that. We have a second remand where there are specific instructions from this court to make factual findings about jurisdiction, and what does Judge Parker do? She sidesteps the question and assumes it based on cases that simply don't apply here. None of the cases about speaking motions involve a preliminary injunction that had already been entered on a statewide basis. And so by refusing to make these factual findings, it's really this court's responsibility to look at what happened to both Harris and Fowler. Fowler really isn't a live issue on appeal. The district court has said in a footnote, I've already raised concerns about her standing. They only need one plaintiff to proceed, so let's look at Harris. Meanwhile, a motion filed back in July of 2018 on behalf of the Secretary, a motion to dismiss, has never been ruled on, never been set for hearing. Fowler ought to have already been dismissed. Harris also. Questions theoretically about what other process, what other notice can be provided, really wither in light of the very fact Harris was given an extension and a payment plan, and she never made a single payment. She never provided even a dollar to keep the suspensions from happening. There's also no facial problem with the statute. Section 5 of the statute clearly says that the Secretary of State, that a removal, a suspension imposed under this statute, shall not take effect until both of the following occur. The second one's a reinstatement fee that's really not at issue in this particular appeal. But subsection A, subsection 5A of the statute, the Secretary of State must be notified by each court in which the person failed to answer a citation or notice to appear or failed to appear. So it's disjunctive of finer cost that the person has either answered the citation or notice to appear or paid the finer cost. Fowler and Harris never answered the citation to appear. The underlying traffic offense is one question, but the misdemeanor offense of failure to appear is really what led to the suspension of their licenses. By not responding to these orders to show cause and by not coming to court and trying to work out an exception for themselves to the general rule, they have placed themselves outside of any kind of standing or any kind of merits determination here that they have a procedural due process claim. The process is there. It's available. Their decision not to engage it cannot create standing for them in federal court to complain about what didn't happen in state court when they never appeared and never followed up on a payment plan or never responded to an order to show cause. That is the problem here. The argument by the plaintiff at police here really turns laws of general applicability on their head. You do not assume the needle in derogation of the Haste Act. You assume everyone is equally capable and responsible under the law, and if they want an exemption, if they want special accommodation, you have to raise your hand and timely seek it. Don't they have to know it exists? I mean, the problem, right, is the question of whether. I agree with everything you said up to there. Don't they have to know it exists? I don't think so, Your Honor. I think on this fact pattern they have to know you have to either pay the fine or come to court. That's adequate as a matter of constitutional law. How do you deal with the Supreme Court case law, then, that says you have to give notice of this opportunity? Well, I would refer to page 31 of our brief, the city of West Covina v. Perkins case, that says individualized notice of state law remedies that are already established by published, generally available state statutes and case law is not required. I think it's similar to the lawn mowing case that you brought up, Judge Thapar. The ordinances, the statutes, the availability of court policies, the availability of these coupon books, anyone who does reasonable due diligence can find these things out. And if you want an indigency exception under Michigan, you have to raise your hand and ask for it. They come to court and they answer their citation. And if you can't mail a check and get rid of it, then you have to come to court and work it out. And, again, it's a system that's populated by humans and that's operated by humans. This court should allow some level of margin of error to happen in terms of people perhaps getting wrong information over the phone. Whatever the case may be, the important thing for the constitutional question is, are there available procedures that a person exercising reasonable effort could find? And for the case of both Harris and Fowler, the answer is absolutely yes. And in the case of Harris, she did. She got an extension and she got a payment plan, and then she never followed up and only then. Even though you say she got an extension and she got the payment plan, there's no showing that she got information about the ability to pursue the payment of a reduced amount, is there? And you've said that people should raise their hand, come to court. But many of the people that you're talking about are in the least – they're in a precarious position to begin with, and they're the ones least likely to have the abilities to come to court, raise their hand. So why wouldn't it be more reasonable to put the notice out there on the citation or some on the website and spell it out more clearly and also include the information about the reduced payment amounts? Well, Your Honor, I think the problem with that is in Michigan there's millions of licensed drivers, there's thousands of these suspensions that happen every day, and really the exception to the rule should not swallow the generally applicable rule. And under a case law like Covina, if there's generally applicable rules that apply that any person can find out exercising their own due diligence, there isn't a requirement under the Constitution. And what would an exercise of due diligence look like that would find out this information about the reduced payment plan? Well, I think you've got to come to court and talk to the judge or talk to a member of the court staff. And in this case, even though they had declarations saying they got misinformation over the phone, there's case law that says misinformation doesn't essentially stop the government from enforcing something that's on the books. It's on the books. It's in the statute. It's in the court policy in Ferndale District Court in terms of what you need to do to claim indigency, which, by the way, is a judicial question, not a regulatory question. This injunction, if it stands, puts a kind of separation of powers problem in terms of the Secretary of State second-guessing what's already happened in the state courts here. So that's another reason that this injunction really ought to not go forward and it ought to be set aside. Thank you for your attention. Thank you, counsel. The case will be submitted. Clerk may call the next case.